**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2260
_____

SHASRIE SINGH,
                                        Petitioner,
                    v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A079-117-515)
Immigration Judge: Frederic G. Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 14, 2011
Before:  RENDELL, FUENTES and WEIS, Circuit Judges

(Opinion filed  November 18, 2011)
_____

OPINION
_____

PER CURIAM.

        Shasrie Singh ("Singh") petitions for review of the Board of Immigration

Appeals' final order of removal.  For the reasons that follow, we will deny the petition for

review.

Singh, a native and citizen of Guyana, is removable under Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who entered without being admitted or paroled. The Immigration Judge granted his application for voluntary departure, and set his departure date for March 14, 2002. In the alternative, the IJ ordered his removal to Guyana. The parties waived an appeal to the Board of Immigration Appeals. Singh failed to depart the United States, and, on April 2, 2009, he filed a motion to reopen proceedings in Immigration Court in order to seek cancellation of removal. He conceded that his motion was filed beyond the filing 90-day deadline, but he argued that the deadline should be tolled because he had received ineffective assistance of counsel during his 2001 removal proceedings.

On April 21, 2009, the IJ denied the motion to reopen. After reviewing the record of proceedings, including the audiotape of the November 14, 2001 hearing, the IJ determined that the motion was untimely because Singh filed it more than seven years late, see 8 C.F.R. § 1003.23(b)(1). The IJ further determined that, with respect to his claim for equitable tolling of the filing deadline, Singh failed to comply with the evidentiary requirements of Matter of Compean, 24 I. & N. Dec. 710 (A.G. January 7, 2009) ("Compean I"), and failed to establish deficient performance by his counsel. In addition, Singh had not made out a prima facie case for cancellation of removal.

Singh appealed to the Board and submitted additional exhibits with his appeal. During the pendency of the appeal, the Attorney General reinstated the previously established standards for adjudicating motions to reopen based on a claim of ineffective assistance of counsel, see Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988).

2

The Board, on January 8, 2010, remanded Singh's case to the IJ for reconsideration of his ineffectiveness claim under the newly-reinstated standards. On remand, the IJ gave Singh an opportunity to submit new arguments and additional evidence in support of his untimely motion to reopen. Singh submitted new documents in support of cancellation of removal, and raised new claims for adjustment of status and asylum. Singh also argued that his marriage was *bona fide*.

On April 1, 2010, the IJ again denied Singh's motion to reopen as untimely filed, and again concluded that Singh's ineffectiveness claim was an insufficient basis to toll the filing deadline for a motion to reopen. The IJ reasoned that Singh did not comply with Lozada's procedural requirements, and he did not show a reasonable likelihood that the outcome of his removal proceedings would have been different had prior counsel's representation not been deficient, see Fadiga v. Att'y Gen. of U.S., 488 F.3d 142, 159 (3d Cir. 2007). Moreover, Singh was statutorily ineligible to adjust his status because he had failed to depart voluntarily after agreeing to do so. The IJ noted that the consequences for failing to depart, including with respect to adjustment of status, were explained to Singh at his hearing, and he had indicated that he understood those consequences. The IJ also found that Singh failed to show by clear and convincing evidence that his marriage was *bona fide*, see 8 C.F.R. § 204.2(a)(1)(iii)(B). With respect to his cancellation of removal claim, the IJ found that, even if his motion to reopen was not time-barred, Singh failed to make a prima facie showing that he had ten years' physical presence in the United States, or a qualifying relative who would suffer exceptional or extremely unusual hardship if he was removed, see Matter of Monreal, 23 I. & N. Dec. 56 (BIA 2001).

3

With respect to his new claim for asylum, the IJ considered whether Singh established that reopening was warranted under the statutory exception to the time limit for filing motions to reopen to apply for asylum, but determined that the new evidence Singh submitted with his motion to reopen did not show changed country conditions in Guyana that materially affected his eligibility for asylum.

Singh appealed to the Board, and, on August 5, 2010, the Board dismissed the appeal. The Board emphasized that the IJ correctly found that Singh's motion to reopen was untimely, and that he had failed to establish ineffective assistance of counsel sufficient to toll the filing deadline. The Board also emphasized that Singh did not establish that he was eligible for cancellation of removal, explaining that he could not meet the physical presence requirement or the exceptional and extremely unusual hardship requirement. With respect to asylum and withholding of removal, the Board reasoned that Singh did not establish a change in country conditions sufficient to excuse the untimeliness of his motion to reopen. Last, the Board agreed with the IJ that Singh was barred from adjusting his status, because he had violated his voluntary departure order. Thus, his argument regarding the *bona fides* of his marriage was irrelevant.

Singh timely petitioned for review. We denied that petition, see Singh v. Att'y Gen. of the U.S., 430 Fed. Appx. 157 (3d Cir. 2011), holding that Singh's motion to reopen was untimely filed, and that the agency's determination that he was not entitled to equitable tolling of the deadline because he failed to establish ineffective assistance of counsel, see Mahmood v. Gonzales, 427 F.3d 248, 252–53 (3d Cir. 2005), was not an abuse of its discretion. Singh, 430 Fed. Appx. at 160. We went on to observe that,

4

because the motion was time-barred, the merits of Singh's adjustment of status argument could not be addressed, but, in any event, Singh was statutorily ineligible to adjust his status for a period of 10 years under 8 U.S.C. § 1229c(d)(1)(B), or until March, 2012. Moreover, although his wife's immediate relative petition had been approved, his adjustment of status application had been denied by the United States Citizenship and Immigration Service ("USCIS") on February 23, 2011. Singh, 430 Fed. Appx at 161. Last, we held that Singh did not establish what country conditions were in Guyana at the time of his November, 2001 hearing, how they had worsened since that time, or how the purported change was material to his claim for asylum, and thus the IJ did not abuse his discretion in determining that the exception to the filing deadline for changed country conditions did not apply. See id.

At issue in the instant petition for review, on November 15, 2010, Singh filed a motion to reconsider seeking to submit new evidence of the ineffectiveness of his three prior attorneys, Brian Tucker, Stephen Rockmacher, and Andre Sobolevsky. He alleged that the delay in filing the motion to reconsider was caused by his having to replace documents that attorney Sobolevsky lost. He attached to the motion a letter Sobolevsky failed to submit previously, which revealed that an individual who helped Singh migrate to the United States now wants to kill him because of an outstanding debt. This man, whom Singh did not identify, represents a group that the government of Guyana cannot or will not control, according to Singh. Once again, Singh also stressed his equities and the hardship that would befall his family should he be deported, and he argued that he was eligible to adjust his status.

5

In a decision dated April 15, 2011, the Board denied the motion. The Board determined that, construed as a motion for reconsideration, it was untimely filed, and, construed as a motion to reopen, it was both untimely and number-barred. The Board reasoned that Singh once again did not offer any evidence of compliance with Lozada's notice and bar complaint requirements, nor did he offer an explanation for his non-compliance. Thus, his ineffectiveness claim was an insufficient basis to toll the filing deadlines for both motions, or to ease the number restriction for motions to reopen. The Board also declined to *sua sponte* reopen proceedings, 8 C.F.R. § 1003.2(a), because Singh's new marriage and family was not an exceptional or unusual situation warranting *sua sponte* reopening under Matter of J-J-, 21 I. & N. Dec. 976 (BIA 1997). With respect to his claim for asylum and withholding of removal, the Board also determined that Singh could not benefit from the exception to timeliness for changed country conditions because his evidence was insufficient, immaterial, and also did not establish a prima facie case for asylum, see Matter of S-Y-G-, 24 I. & N. Dec. 247, 258 (BIA 2007). In the margin, the Board noted that the harm Singh feared in Guyana did not appear to be motivated by a protected ground and thus would not establish a prima facie case for asylum and withholding of removal. Moreover, he offered no evidence to support a claim that he was more likely than not to be tortured with government acquiescence, 8 C.F.R. § 1208.18(a)(1).

Singh timely petitions for review. We have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1) to review the Board's decision denying the motion to reopen.

6

We will deny the petition for review. We review the denial of a motion to reopen for an abuse of discretion. Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323 (1992). Under this deferential standard, we will reverse the Board's decision only if it is arbitrary, irrational, or contrary to law. Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). The Board did not abuse its discretion in denying the motion, whether construed as one for reconsideration or one to reopen, as untimely filed. The motion had to have been filed within 30 days of August 5, 2010 to be timely as a motion to reconsider, see 8 C.F.R. § 1003.2(b)(2), or within 90 days of November 14, 2001 to be timely as a motion to reopen, see id. at § 1003.2(c)(2), and it was not.

The Board also did not abuse its discretion in determining that Singh's latest ineffectiveness claim was an insufficient basis to toll the filing deadlines for both motions. His latest claim suffers from the same deficiencies that we noted in his prior case, Singh, 430 Fed. Appx. at 160-61. Again, there is no evidence that he complied with the notice and bar complaint requirements of Lozada, and his reasons for not doing so are weak, see Singh, 430 Fed. Appx. at 161. Further, the Board's decision not to *sua sponte* reopen proceedings is unreviewable. Cruz v. Att'y Gen. of U.S., 452 F.3d 240, 249 (3d Cir. 2006); Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).

Singh's evidence that an individual in Guyana has threatened to do him harm is not evidence material to a claim of asylum, and thus does not provide a basis for applying the exception to timeliness, 8 C.F.R. § 1003.2(c)(3)(ii) (time and number limits do not apply to motions to reopen "[t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the

7

country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing"). An asylum claimant must show that he is a person who is unable to return to his home country because of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, 8 C.F.R. §§ 1208.13(b)(1). Singh has never established that he belongs to any protected category. He claims only that the person who helped him migrate to the United States now wishes to harm him over an unpaid debt, but an alien who fears personal retribution over an unpaid debt does not qualify for asylum. Cf. Al-Fara v. Gonzales, 404 F.3d 733, 741 (3d Cir. 2005) (fear of retribution over purely personal matter does not support claim for asylum). In the alternative, the Board did not act arbitrarily in determining that Singh failed to establish prima facie eligibility for asylum, withholding of removal, or protection under the Convention Against Torture, because Singh offered no evidence that he would be harmed on account of a protected ground.

Last, to the extent Singh has argued in his Informal Brief that he is eligible for adjustment of status and/or cancellation of removal, we note that the claims are barred from consideration because his motion to reconsider/reopen was untimely, and the Board declined to reopen the untimely motion *sua sponte* to consider the applications.

For the foregoing reasons, we will deny the petition for review.